FILED
2026 Aug-05  PM 05:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **KEVIN EMANUEL VILLANUEVA SANTANA,**<br><br>   **Petitioner,**<br><br>**v.**<br><br>**DAVID J. VENTURELLA,** *et al.*,<br><br>   **Respondents.** | **Case No. 1:26-cv-1021-HDM-HNJ** |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the court on Petitioner Kevin Emanuel Villanueva Santana's counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Santana challenges his ongoing immigration detention as unlawful under the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. (Doc. 1, ¶ 2). The parties agree that Santana is detained under 8 U.S.C. § 1226(a), (docs. 1 at 6–11; 7 at 3), which, as relevant here, permits the Attorney General to release a detainee on bond or conditional parole before a final determination on whether he is to be removed from the United States, 8 U.S.C. § 1226(a)(2).

In light of the Eleventh Circuit's recent decision in *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026), as well as the respondents' concession that that case entitles Santana to a bond hearing

before an immigration judge, (doc. 7), his petition for a writ of habeas corpus is **GRANTED** to the extent he seeks such a hearing. The court **DEFERS RULING** on Santana's remaining habeas claims and **REFERS** the balance of this case to the magistrate judge.

Santana is a citizen of Mexico, who entered the United States without inspection in or around 2013 when he was 12 years old. (Doc. 1, ¶ 43). He came to the United States in search of his parents who lived in Tennessee. *Id.* Santana was not detained at the border when he entered the United States, and he has been living in the United States since his entry. *Id.* ICE detained Santana on June 4, 2026, and housed him at the Etowah County Jail at the time he filed this petition on June 14, 2026. *Id.* On June 15, 2026, Immigrations and Customs Enforcement ("ICE") transferred Santana to the Pine Prairie ICE Processing Center in Louisiana, where he remains. (Doc. 7 at 1; *see also* Doc. 7-1 at 1).

The Department of Homeland Security ("DHS") placed Santana in removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a. (Doc. 1, ¶ 46). ICE contends Santana stands inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. *Id.* In his immigration proceedings, Santana seeks relief from removal via 42B Cancellation of Removal as he married a United States citizen on July 10, 2021, and has a four-year-old child who is a United States citizen. (Doc. 1, ¶ 44). Santana's wife filed a family petition,

the I-130 was approved, and they were waiting to complete the consular process due to lack of money. (Doc. 1, ¶ 45).

Santana seeks a writ of habeas corpus (1) requiring the respondents to release him immediately under appropriate conditions of supervision or, in the alternative, provide Santana with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days; (2) declaring his detention unlawful; and (3) awarding attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412. (Doc. 1 at 14–15). On July 23, 2026, the respondents filed a response to the petition in which they concede that *Hernandez Alvarez* is controlling precedent and that Santana, as a detainee subject to § 1226(a), is entitled to an immigration bond hearing. (Doc. 7 at 3–5).

On May 6, 2026, the Eleventh Circuit decided *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026). In *Hernandez Alvarez*, the Eleventh Circuit held that "no-bond detention [under 8 U.S.C. § 1225] generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." *Hernandez Alvarez*, 175 F.4th at 1262. Under *Hernandez Alvarez*, any alien, such as Santana, who is not seeking admission to the United States at the border, but already "unlawfully in the interior," is subject to detention under 8 U.S.C. § 1226, *id.* at 1276, and, therefore, may seek a bond hearing, *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations

3

provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). In light of *Hernandez Alvarez* and the parties' agreement that it is dispositive for at least some of Santana's petition, the court "finds the appropriate remedy to be a bond hearing before an immigration judge. In reaching this conclusion, the court joins a 'comfortable majority' of district courts concluding the same." *E.A.L.A. v. Powell*, No. 7:26-cv-687, 2026 WL 1494518, at *3 (N.D. Ala. May 28, 2026) (quoting *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025)).

Accordingly, the court **GRANTS** Santana's petition for a writ of habeas corpus to the extent he requests a bond hearing. The court **ORDERS** the respondents to either (1) bring Santana before an immigration judge for a meaningful bond hearing on the merits of his case on or before **August 12, 2026**, or (2) release Santana from custody. The hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by Santana and the factors announced in *In re Guerra*, 24 I&N Dec. 37 (BIA 2006). Santana's counsel must receive at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. Subjecting Santana to mandatory detention is unlawful and, thus, if the respondents are unable to ensure the timely and meaningful bond hearing to which he is entitled under § 1226(a), they must release him under reasonable

conditions of supervision. The court **DIRECTS** the respondents to file a notice on or before **August 19, 2026**, reporting on the results of the individualized bond hearing or informing the court that Santana has been released from custody. The court **DEFERS RULING** on Santana's remaining habeas claims and **REFERS** the balance of this case to the magistrate judge.

DONE and **ORDERED** on August 5, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE

5